No. 97-543

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 235

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DONALD R. HOULE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lawrence A. LaFountain, Attorney at Law; Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell, Assistant Attorney General; Helena, Montana

Brant S. Light, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs: June 11, 1998

Decided: September 23, 1998

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶ **The defendant, Donald Houle, was charged by information in the District Court for the Eighth Judicial District in Cascade County with felony aggravated assault. He was convicted of the crime charged following a two-day jury trial. He appeals his conviction. We affirm the judgment of the District Court.**

¶ **Houle raises three issues on appeal.**

¶ **1. Was there sufficient evidence to support a conviction for aggravated assault?**

¶ **2. Did the District Court err when it instructed the jury?**

¶ **3. Did the District Court err when it permitted the State to challenge the credibility of the defendant's witness during its closing argument?**

FACTUAL BACKGROUND

¶ **Kelly and Jennifer LaRocque stopped at a convenience store to make a purchase**

on September 26, 1995. Jennifer waited in the car with their daughter while Kelly went into the store. While she waited, another car with approximately five men in it pulled alongside her. A passenger in the car, Shane Taylor, began to curse at and threaten her. In response, Jennifer exited her vehicle and sought Kelly's protection.

¶ Kelly came out of the store and confronted Taylor about his comments to Jennifer. Taylor, who testified that he was intoxicated at the time, challenged Kelly to a fight, but Kelly refused. While these events transpired, Donald Houle, a friend of Taylor's who had arrived in the same car, had been in the restroom of the store.

¶ After leaving the restroom, Houle contends that he saw Taylor and Kelly push each other, and in an effort to diffuse the situation, escorted Taylor back to the car and told him that he would "take care of it." He asserts that Kelly followed him and Taylor and continued to yell at them. Houle testified that he then told Kelly "to quit being a tough guy," and that Kelly then hit him in the chest. Houle contends that in self-defense he then punched Kelly in the face.

¶ Other testimony at trial, including Kelly's and that of a clerk from the store, indicated that Houle pushed Kelly and told him not to be a tough guy, and that Kelly then did the same to Houle. Kelly testified that as he turned away, Houle punched him in the face. All witnesses agree that no further blows were exchanged, although the clerk testified that it appeared to him that Houle wanted to continue the fight. The clerk then told everyone to leave and told them that he had called the police. Later that night, Kelly underwent surgery for a broken jaw.

¶ On November 13, 1995, Houle was charged by information in the District Court for the Eighth Judicial District in Cascade County with felony aggravated assault. He pled not guilty and raised as defenses his good character and justifiable use of force. After a two-day jury trial, he was convicted and sentenced to a ten-year prison term, seven years of which was suspended.

ISSUE 1

¶ Was there sufficient evidence to support a conviction for aggravated assault?

¶ We review the sufficiency of the evidence to support a jury verdict in a criminal case to determine whether, after viewing the evidence in the light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See State v. Medrano* (1997), 285 Mont. 69, 73, 945 P.2d 937, 939.

¶ Houle was charged with aggravated assault pursuant to § 45-5-202(1), MCA, which states: "A person commits the offense of aggravated assault if the person purposely or knowingly causes serious bodily injury to another." Serious bodily injury is defined separately as bodily injury that:

(i) creates a substantial risk of death;

(ii) causes serious permanent disfigurement or protracted loss or impairment of the function or process of any bodily member or organ; or

(iii) at the time of injury, can reasonably be expected to result in serious permanent disfigurement or protracted loss or impairment of the function or process of any bodily member or organ.

Section 45-2-101(64)(a), MCA. Houle does not contest whether Kelly sustained serious bodily injury.

¶ Houle contends that the State failed to prove that he intended to seriously injure Kelly. He bases his position on the apparent assumption that a person could not intend to seriously injure someone with "just" an ordinary punch. He has failed, however, to provide any support for that assumption.

¶ First, we recognize that Houle's defense of justifiable use of force concedes in part that he did, in fact, purposely and knowingly strike the victim in this case. Furthermore, a review of the record shows substantial testimony that Houle was the aggressor, from which a jury could easily and rationally have found that his conduct was purposeful.

¶ **Even if we were to accept Houle's assertion that he did not intend serious injury, it was easily within the province of the jury, based on the testimony before it and the District Court's instructions, to find that Houle was aware that any punch to Kelly's face would seriously harm. Section 45-2-101(34), MCA, provides that "[a] person acts knowingly with respect to the result of conduct described by a statute defining an offense when the person is aware that it is highly probable that the results will be caused by the person's conduct." Modern entertainment notwithstanding, common experience would tell most people that a direct blow to the face of an unsuspecting victim can cause serious bodily injury, as defined by statute. Accordingly, we conclude that there was sufficient evidence from which a rational trier of fact could have found the essential elements of the crime with which Houle was charged beyond a reasonable doubt.**

ISSUE 2

¶ **Did the District Court err when it instructed the jury?**

¶ **We review an alleged error in a district court's instructions to a jury to determine whether, as a whole, they fully and fairly instruct the jury on the law applicable to the case.** *See State v. Patton* **(1996), 280 Mont. 278, 286, 930 P.2d 635, 639;** *State v. Brandon* **(1994), 264 Mont. 231, 237, 870 P.2d 734, 737.**

¶ **Houle contends that he was denied a fair trial when the District Court instructed the jury regarding the method by which his state of mind could be proven. According to Houle, the effect of the instruction was to permit the jury to believe that there was no legal difference between an intent to cause serious bodily injury and an intent to cause bodily injury. In essence, however, Houle bases his allegation of error on the same unsupported assumption that he made above, i.e., that one could not expect that serious bodily injury would result from an "ordinary" punch.**

¶ **The instruction at issue represents a verbatim recitation of § 45-2-201(2), MCA, which provides that:**

If purposely or knowingly causing a result is an element of an offense and the result is not within the contemplation or purpose of the offender, either element can nevertheless be

established if:

(a) the result differs from that contemplated only in the respect that a different person or different property is affected or that the injury or harm caused is less than contemplated; or

(b) the result involves the same kind of harm or injury as contemplated but the precise harm or injury was different or occurred in a different way, unless the actual result is too remote or accidental to have a bearing on the offender's liability or on the gravity of the offense.

The statute provides a method of proving the elements of purposely or knowingly when "the result is not within the contemplation or purpose of the offender." The charges against Houle involved the elements of purposely or knowingly and, as such, we conclude that the instruction served to inform the jury regarding the law applicable to the case. We conclude that the District Court did not err when it instructed the jury.

## ISSUE 3

¶ **Did the District Court err when it permitted the State to challenge the credibility of the defendant's witness during its closing argument?**

¶ **In its closing argument, the State referred to one of the defense witnesses, Paul Palmerton, who was driving the vehicle in which Taylor and Houle were passengers and who witnessed the confrontation, as Houle's "star witness." Also in its closing argument, counsel for the State said: "We know a little bit about Mr. Palmerton. What kind of person is he? Well, when Jennifer was being called [names] he did nothing." Houle objected to the State's second statement. The District Court overruled the objection and also refused Houle's request to offer a correctional instruction regarding the nonexistence of a duty to rescue. Houle now contends that those statements by the State in its closing argument constituted misconduct and denied him his right to a fair trial. He contends that by these statements the prosecutor inferred that his most significant witness was a liar and to do so constitutes prosecutorial misconduct. We disagree. If it was the prosecutor's purpose**

to call Palmerton a liar (a practice we have repeatedly condemned, *see State v. Stringer* (1995), 271 Mont. 367, 380-81, 897 P.2d 1063, 1070-71), he chose a poor method of doing so. Most reasonable people, and presumably most jurors, are capable of recognizing the difference between a lack of chivalry and dishonesty. At most, the prosecutor's comment reflected a lack of chivalry.

¶ We therefore conclude that the State's efforts to challenge Palmerton's credibility by referring to his conduct at the scene of the event in question did not constitute prosecutorial misconduct.

¶ Accordingly, we affirm the judgment of the District Court.


/S/ TERRY N. TRIEWEILER


We Concur:


/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON