DA 08-0171

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 174

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KYLE DEAN NICK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC-07-45
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender; Koan Mercer, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Tammy K Plubell,
Assistant Attorney General, Helena, Montana

Submitted on Briefs: April 1, 2009

Decided: May 19, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Kyle Dean Nick appeals his December, 2007, conviction for aggravated assault. Nick contends on appeal that his conviction must be reversed because the District Court erred instructing the jury as to the definition of "purposely" as an element of aggravated assault. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 About midnight on May 11, 2007, Nick accompanied Chelsea Dodd, his friend and neighbor, as she drove to Jason Switzer's house. Dodd and Switzer had been romantically involved for six years but that relationship had apparently ended. She entered Switzer's house to invite him to a camping party, and found him intoxicated and in bed with another woman. Nick waited in the car for twenty to thirty minutes, eating a burrito and using a Phillips head screwdriver to try to fix the stereo in Dodd's car. He never left the car, but honked the horn several times wanting Dodd to leave.

¶3 Dodd then came running out of the house closely followed by Switzer. She was yelling for Nick to roll up the car window and lock the door because Switzer was coming to attack him. Dodd got into the driver's seat of her car and started trying to leave, but Switzer dove into Nick's open window and began hitting him. Switzer pulled himself out of the window, or was pushed out by Dodd, and then dove into the car again. Dodd saw Nick swing at Switzer with his right hand.

¶4 Switzer immediately fell backward out of the car and dropped onto the ground. Dodd thought that she had run over Switzer and left the car to check on him. Dodd felt

an object under Switzer's head and pulled on it, only to find that it was a Phillips head screwdriver. She cried "oh my God there's a screwdriver in his head," and began screaming hysterically for help. Nick fled the scene on foot and ran to his mother's house.

¶5 The screwdriver penetrated Switzer's skull and brain approximately four inches, causing him serious, permanent brain injury. Nick admitted to holding the screwdriver and to changing its position in his hand during the altercation, but claimed that Switzer impaled himself when he jumped back in the window. After the incident Nick told police officers that he had swung at Switzer or used his arms to defend himself. Nick told them that he lunged his arm forward toward Switzer and that it came back without the screwdriver. Nick also told the officers that when Switzer was coming back to the car a second time, he brought the screwdriver back "to get ready" to defend himself. Dodd told the police and testified that she saw Nick swing his arm at Switzer immediately before Switzer collapsed on the ground. At trial, Nick changed his description of the events. He claimed that he never swung at Switzer, that the account he gave to officers shortly after the incident was wrong, and that Dodd's testimony was mistaken. He said that when he gave interviews to the police after the incident he was not "in the right state of mind."

¶6 The State charged Nick with attempted deliberate homicide, assault with a weapon and aggravated assault. Nick filed a notice of reliance on the defense of justifiable use of force as provided in § 45-3-102, MCA. During settlement of instructions, Nick objected to the State's offered instruction on the definition of "purposely," but the District Court overruled the objection and gave the instruction. Nick offered and the District Court

3

gave instructions on the defense of justifiable use of force. Nick's attorney argued to the jury, in part, that he should be acquitted based upon the theory of justifiable use of force.

¶7 The jury returned a verdict of not guilty to the charge of attempted deliberate homicide and guilty of the charge of aggravated assault. The jury deadlocked on the charge of assault with a weapon, and that charge was subsequently dismissed at the request of the State. The District Court sentenced Nick to the custody of the Montana Department of Corrections for twenty years, with fifteen suspended.

## STANDARD OF REVIEW

¶8 The standard of review of jury instructions is whether the instructions taken as a whole fully and fairly instruct the jury as to the applicable law, and whether the district court abused its discretion. *State v. Grindheim*, 2004 MT 311, ¶ 17, 323 Mont. 519, 101 P.3d 267. If the instructions are erroneous in some aspect the mistake must prejudicially affect the defendant's substantial rights in order to constitute reversible error. *State v. Archambault*, 2007 MT 26, ¶ 14, 336 Mont. 6, 152 P.3d 698.

## DISCUSSION

¶9 Nick was convicted of aggravated assault, defined in the statutes as follows:

> A person commits the offense of aggravated assault if the person purposely or knowingly causes serious bodily injury to another or purposely or knowingly, with the use of physical force or contact, causes reasonable apprehension of serious bodily injury or death in another.

Section 45-5-202(1), MCA. "[A] person acts purposely with respect to a result or to conduct described by a statute defining an offense if it is the person's conscious object to engage in that conduct or to cause that result." Section 45-2-101(65), MCA. A person

4

acts "knowingly"

> with respect to conduct or to a circumstance described by a statute defining an offense when the person is aware of the person's own conduct or that the circumstance exists. A person acts knowingly with respect to the result or conduct described by a statute defining an offense when the person is aware that it is highly probable that the result will be caused by the person's conduct.

Section 45-2-101(35), MCA.

¶10 The District Court instructed the jury that: "A person commits the offense of Aggravated Assault if the person purposely or knowingly causes serious bodily injury to another." The District Court instructed that: "A person acts purposely when it is his conscious object to engage in conduct of that nature or to cause such a result." The District Court also instructed that: "A person acts knowingly when the person is aware there exists the high probability that the person's conduct will cause the specific result." Nick objected to the definition of purposely, but not to the definition of the offense or to the definition of knowingly. Nick admitted at trial that putting a screwdriver into someone's head would likely cause death or serious injury.

¶11 The District Court's instruction defining "purposely" was taken verbatim from Montana Criminal Jury Instructions (MCJI) No. 2-106. Nick objected on the ground that aggravated assault is a "result oriented" offense. He contended that under the comment to MCJI No. 2-106, it was improper to allow the jury to find that he had acted purposely if he engaged in "conduct of that nature" rather than requiring a conclusion that he intended "to cause such a result." The District Court overruled Nick's objection to the instruction, finding that the "central issue on this case . . . is the conscious object."

5

¶12    In *State v. Patton*, 280 Mont. 278, 930 P.2d 635 (1996), defendant was charged with deliberate homicide and claimed that an unknown third person had committed the crime. The District Court gave the same definition of "purposely" that was given in the present case. This Court found error because it "allowed the jury to convict Patton solely on the basis that he consciously engaged in conduct without regard to whether harm was intended." *Patton*, 280 Mont. at 291, 930 P.2d at 643. Even if an instruction is erroneous, however, there is no reversible error unless the defendant's substantial rights are affected. *Patton*, 280 Mont. at 291, 930 P.2d at 643.

¶13    There was no such danger of an erroneous application of "purposely" in the present case. Nick relied upon the defense of justifiable use of force, arguing that he was entitled to an acquittal on that basis. A defendant who relies upon the defense of justifiable use of force concedes that he acted purposely and knowingly. *State v. Houle*, 1998 MT 235, ¶ 15, 291 Mont. 95, 966 P.2d 147; *State v. Sunday*, 187 Mont. 292, 306, 609 P.2d 1188, 1197 (1980); *People v. Joyner*, 278 N.E.2d 756, 760 (Ill. 1972). Having conceded as a matter of law that he acted purposely or knowingly, Nick's substantial rights could not have been affected by any error in the definition of those terms.

¶14    The District Court recognized that the crux of the case was determination of Nick's "conscious object" to engage in that conduct. There was ample evidence, which must be viewed in a light most favorable to the prosecution, *State v. Meckler*, 2008 MT 277, ¶ 9, 345 Mont. 302, 190 P.3d 1104, for the jury to have concluded beyond a reasonable doubt that it was Nick's conscious object to grasp the screwdriver as a weapon and strike Switzer. Nick admitted that he held the screwdriver when Switzer attacked

6

and that he turned it in his hand so that the blade pointed down, away from the direction of his thumb. He did so to defend himself. Nick admitted to investigating officers that he swung at Switzer, and that he lunged his hand with the screwdriver toward Switzer and that his hand came back empty. Even though he changed that story in his trial testimony, the jury was entitled to believe the earlier, contemporaneous account. Nick's friend Dodd testified that she saw his hand swing toward Switzer. And, Nick admitted that he had no injuries after the attack by Switzer other than a scratch on his forearm. If it were Nick's conscious object to strike Switzer with the screwdriver, or if he were aware at the time he did so that it could cause Switzer serious bodily injury, then the mental state element of the offense is satisfied. *Meckler*, ¶ 12. There was ample evidence for the jury to reach those conclusions.

¶15    The conviction is affirmed.

/S/ MIKE McGRATH

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE