DA 08-0355

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 303

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

MICHAEL BERNARD GERSTNER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 07-030(a)
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender; Tammy A. Hinderman, Assistant
            Appellate Defender, Helena, Montana

        For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
            Assistant Attorney General, Helena, Montana

            Brant S. Light, Cascade County Attorney; Kory Larsen, Deputy County
            Attorney, Great Falls, Montana

                      Submitted on Briefs:  May 28, 2009

                             Decided:    October 15,
2009

Filed:

              _____
                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     After trial by jury, Michael Gerstner was convicted of two counts of felony sexual assault in the Eighth Judicial District Court, Cascade County.  He appeals raising the following issues:

¶2     Issue 1:  Is § 45-2-101(67), MCA (2005), defining "sexual contact," unconstitutionally vague and therefore void?

¶3     Issue 2: Did the District Court err in instructing the jury on the mental state of knowingly?

¶4     Issue 3: Did the District Court abuse its discretion when it refused instructions on misdemeanor assault as a lesser included offense of sexual assault?

¶5     Issue 4: Did the District Court err when it instructed the jury that a victim's failure to make a timely complaint raises no presumption on the victim's credibility?

¶6     Issue 5: Did the District Court abuse its discretion when it denied Gerstner's motion for a mistrial based on the admission of evidence of other acts?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶7     In July 2006, L.L., a 15-year-old boy, and G.L., his mother, met Gerstner, a 21-year-old airman.  Gerstner began dating G.L. and spent the days and nights he was not on duty with G.L. and L.L. at their home.

¶8     During many days when G.L. was working, Gerstner would spend time with L.L. going to movies, going out to eat, swimming, and playing video games.  G.L. testified that Gerstner was very affectionate with L.L. and he liked to cuddle with him on the

2

couch. L.L. testified that Gerstner made him uncomfortable when he asked him to sit on his lap, patted his behind, and told L.L. he had an erection.

¶9 On one occasion, L.L. found a pornographic movie in G.L.'s bedroom and began watching it with the door closed. Gerstner came in, sat on the bed next to him, put his arm around L.L., and proceeded to watch the video. Gerstner told L.L. he had an erection. L.L. said he got up and left the room.

¶10 L.L. was diagnosed with a varicose vein in his testicle. Gerstner became aware of this diagnosis and the symptoms. Gerstner asked L.L. to feel his testicle to see if it was the same as L.L.'s, saying he was concerned he had the same problem. L.L. touched Gerstner's testicle. He later testified he did not want to, but did so because he was afraid to make Gerstner mad. When asked what Gerstner did when he got mad, L.L. testified he would not talk to anyone and would get really angry. L.L. told Gerstner that his medical condition was not the same. Gerstner asked L.L. not to tell his mother what happened. Later, Gerstner did consult a doctor about his testicle.

¶11 Gerstner and G.L. ended their relationship because of Gerstner's alleged anger issues. After Gerstner left G.L.'s home, L.L. told his mother about the touching incident. G.L. asked Gerstner about the incident and Gerstner replied that he was sorry it happened and wished it had not occurred.

¶12 In September 2006, Gerstner began spending time with a 15-year-old boy, J.F. J.F. and Gerstner would play video and computer games and watch movies. One time, J.F. got out of the shower and asked Gerstner to leave the room while he got dressed.

3

Gerstner replied, "Why are you uncomfortable with your sexuality?" Another time, Gerstner entered the room naked and J.F. told him he would not come to his residence anymore if Gerstner was going to continue to walk around naked.

¶13 When J.F. was spending the night at Gerstner's house during the Thanksgiving holiday, he woke up in the middle of the night with his hand behind him in Gerstner's pants. J.F. removed his hand and decided to sleep on the floor the rest of the night. In the morning, J.F. asked Gerstner how his hand got inside his pants, but Gerstner ignored the situation. Gerstner later admitted he put J.F.'s hand down his pants out of "curiosity." J.F. did not know what, if anything, his hand touched when it was in Gerstner's pants.

¶14 After a trial in April 2008, a jury found Gerstner guilty of sexually assaulting both L.L. and J.F., in violation of § 45-5-502, MCA. The District Court sentenced him to concurrent ten year sentences, with seven years suspended. Gerstner appeals, contending the District Court committed several errors during the jury trial.

## STANDARDS OF REVIEW

¶15 We review jury instructions to determine whether the instructions, taken as a whole, fully and fairly instruct the jury as to the applicable law and whether the district court abused its discretion in instructing the jury. *State v. Nick*, 2009 MT 174, ¶ 8, 350 Mont. 533, 208 P.3d 864. If the instructions are erroneous in some aspect, the mistake must prejudicially affect the defendant's substantial rights in order to constitute reversible error. *Nick*, ¶ 8.

4

¶16 We review a district court's decision to admit or exclude evidence and its ruling on a motion for mistrial for an abuse of discretion. *State v. McLaughlin*, 2009 MT 211, ¶ 9, 351 Mont. 282, 210 P.3d 694 (admissibility of evidence); *State v. Hart*, 2009 MT 268, ¶ 9, 352 Mont. 92, ___ P.3d ___ (motion for mistrial).

¶17 The constitutionality of a statute is a question of law, and the review of such questions is plenary. A statute is presumptively constitutional unless the party challenging the statute proves that it is unconstitutional beyond a reasonable doubt. *State v. Knudson*, 2007 MT 324, ¶ 12, 340 Mont. 167, 174 P.3d 469.

**DISCUSSION**

¶18 *Issue 1: Is § 45-2-101(67), MCA (2005), defining "sexual contact," unconstitutionally vague and therefore void?*

¶19 Gerstner asserts for the first time on appeal that § 45-2-101(67), MCA (2005), the definition of "sexual contact," is unconstitutionally vague on its face and as applied to him. According to Gerstner, the phrase "in order to knowingly or purposely," see ¶ 25 below, renders the statute meaningless because it is illogical, ambiguous, and fails to give citizens actual notice of what conduct is proscribed.

¶20 Gerstner concedes he did not explicitly raise this issue in the District Court but argues that we should consider it on appeal because he raised it tangentially by objecting to an instruction defining the mental state of knowingly.

¶21 To preserve an issue for appeal, an objection in the district court must be specific; general objections will not preserve an issue for appeal. An objection that is general in

5

nature and does not specify what authority, rule, statute, or constitutional provision might be violated by the court's decision is insufficient to preserve that issue on appeal. *State v. LaFreniere*, 2008 MT 99, ¶ 12, 342 Mont. 309, 180 P.3d 1161; *State v. Huerta*, 285 Mont. 245, 261, 947 P.2d 483, 493 (1997). Gerstner did not specifically object to the instruction on sexual contact, nor did he argue that the statute was unconstitutional. Thus he did not preserve this issue for appeal.

¶22 Gerstner also argues we should review this constitutional issue under our plain error doctrine because it affects his fundamental rights. We use the plain error doctrine sparingly, on a case-by-case basis, only when failure to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. *State v. West*, 2008 MT 338, ¶ 23, 346 Mont. 244, 194 P.3d 683. We conclude that declining plain error review will not result in the aforementioned consequences and do not address this issue further.

¶23 *Issue 2: Did the District Court err in instructing the jury on the mental state of knowingly?*

¶24 The State charged Gerstner with two counts of sexual assault. The District Court correctly instructed the jury that "[A] person who knowingly subjects another person to any sexual contact without consent commits the offense of sexual assault." Section 45-5-502(1), MCA.

¶25 The jury was also instructed that:

"Sexual contact" means touching of the sexual or other intimate parts of the person of another, directly or through clothing, in order to knowingly or purposely:

(a) cause bodily injury to or humiliate, harass, or degrade another; or

(b) arouse or gratify the sexual response or desire of either party.

Section 45-2-101(67), MCA.

¶26 The District Court determined that the mental state required to commit the offense of sexual assault could be established by evidence showing that Gerstner was aware of his conduct and instructed the jury that "a person acts knowingly when the person is aware of his or her conduct."

¶27 Section 45-2-101(35), MCA, provides multiple definitions of "knowingly."

'Knowingly'—a person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when the person is aware of the person's own conduct or that the circumstance exists. A person acts knowingly with respect to the result of conduct described by a statute defining an offense when the person is aware that it is highly probable that the result will be caused by the person's conduct. When knowledge of the existence of a particular fact is an element of an offense, knowledge is established if a person is aware of a high probability of its existence. Equivalent terms, such as "knowing" or "with knowledge," have the same meaning.

¶28 Citing *State v. Lambert*, 280 Mont. 231, 929 P.2d 846 (1996), Gerstner argues that because the definition of sexual contact provides that the defendant must touch the sexual or other intimate parts of another in order to knowingly or purposely cause the result of bodily injury, etc., or to arouse or gratify sexual desire, the District Court was required to instruct on the definition of knowingly concerning the result of the conduct. According

7

to Gerstner, as a result of the District Court's error, the State was not held to its burden to prove all elements of the charged offenses beyond a reasonable doubt and his convictions must be reversed.

¶29 Section 45-2-101(35), MCA, provides on the one hand that "a person acts knowingly with respect to conduct . . . described by a statute defining an offense when the person is aware of the person's own conduct . . . ." On the other hand, it provides that "[a] person acts knowingly with respect to the result of conduct described by a statute defining an offense when the person is aware that it is highly probable that the result will be caused by the person's conduct." The offense of sexual assault requires that the accused knowingly make sexual contact with another. It is the particularized conduct of making sexual contact that the statute makes criminal. Thus, the court correctly instructed the jury.

¶30 Gerstner admitted L.L. touched his testicle and that Gerstner put J.F.'s hand in his pants. His defense was that this contact was not sexual in nature. The court instructed the jury that to convict, it must conclude the State had proved beyond a reasonable doubt that Gerstner made sexual contact with L.L. and J.F. The court gave the jury the correct definition of sexual contact. A defendant's intent to gratify his sexual desire may be inferred from his conduct alone. *State v. Duncan*, 2008 MT 148, ¶ 46, 343 Mont. 220, 183 P.3d 111; *State v. McLain*, 249 Mont. 242, 246-47, 815 P.2d 147, 150 (1991); *State v. Gilpin*, 232 Mont. 56, 69, 756 P.2d 445, 452 (1988); *State v. Kestner*, 220 Mont. 41, 46, 713 P.2d 537, 540 (1986). It was not necessary that the jury be instructed that

8

Gerstner had to know it was highly probable his contact with the victims would be sexual contact. The jury's conclusion that Gerstner's actions constituted sexual contact, and its rejection of his contention that it was not sexual, necessarily means the State proved that he knew his conduct was sexual in nature.

¶31 Gerstner's argument that he was prejudiced because the court did not instruct the jury that he was aware of the high probability his conduct would result in humiliation, harassment, or degradation is not correct. Such an instruction would have decreased, rather than increased the State's burden of proof. To convict under the given instruction that a person acts knowingly when he is aware of his conduct, the jury was required to determine that Gerstner knew that his admitted contact was sexual. Had the jury been instructed that, to convict, Gerstner only had to be aware of the high probability that the contact was sexual in nature, the State's burden of proof would have been lessened.

¶32 The jury instructions, taken as a whole, fully and fairly instructed the jury as to the applicable law, and Gerstner was not prejudiced thereby.

¶33 *Issue 3: Did the District Court abuse its discretion when it refused instructions on misdemeanor assault as a lesser included offense of sexual assault?*

¶34 At trial, Gerstner proposed jury instructions on misdemeanor assault as a lesser included offense of sexual assault. The District Court denied these instructions based on *State v. Cameron*, 2005 MT 32, 326 Mont. 51, 106 P.3d 1189.

¶35 An "included offense" means an offense that:

9

(a) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(b) consists of an attempt to commit the offense charged or to commit an offense otherwise included in the offense charged; or

(c) differs from the offense charged only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

Section 46-1-202(9), MCA.

¶36 Like the defendant in *Cameron*, Gerstner claims that the offense of misdemeanor assault differs from the offense of sexual assault only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission. Section 46-1-202(9)(c), MCA. He argues that the holding in *Cameron* is limited to when the State alleges only that sexual contact occurred because the defendant sought to gratify sexual response or desire under § 45-2-101(67)(b), MCA. He points out that, in this case, the State did not limit its allegations to § 45-2-101(67)(b), MCA, but also alleged that Gerstner was guilty under § 45-2-101(67)(a), MCA, which is the touching of the sexual or other intimate parts of the person of another in order to humiliate, harass, or degrade. According to Gerstner, because the jury could have found that his conduct was to humiliate, harass, or degrade, which is similar to the conduct prohibited by the offense of misdemeanor assault—to insult or provoke—misdemeanor assault is a lesser included offense of sexual assault. *See* § 45-5-201(1)(c), MCA.

10

¶37 In *Cameron*, the Court held that misdemeanor assault differs from sexual assault in more than the "risk" to the victim. *Cameron*, ¶ 23 (citing *State v. Long*, 223 Mont. 502, 510, 726 P.2d 1364, 1369 (1986)). The Court rejected the contention that sexual contact and physical contact of an insulting or provoking nature are interchangeable terms and held that the elements of sexual assault and misdemeanor assault are not the same. *Cameron*, ¶ 24.

¶38 Subsection (c) of § 46-1-202(9), MCA, provides, as pertinent to this case, that if misdemeanor assault is different from the charged offense of sexual assault only because it causes a less serious injury or risk to a person or is of lesser culpability, it qualifies as a lesser included offense. Section 45-2-101(67)(a), MCA, inextricably requires contact with a sexual intent, along with humiliation, harassment, or degradation. Sexual contact is a different kind of contact than mere physical contact. It specifically requires the touching of the sexual or other intimate parts of another along with a sexual intent. The degree of injury or risk to the alleged victim, and the degree of culpability of the alleged offender, need not be analyzed by the jury in order to acquit or convict. The jury determines if the defendant contacted the sexual or intimate parts of the alleged victim and if the contact was sexual in nature. Physical contact to insult or provoke is not the same as to contact the sexual or other intimate parts of another in order to humiliate, harass or degrade. *See Long*, 223 Mont. at 510, 726 P.2d at 1369.

¶39 The District Court did not err when it refused to instruct the jury on misdemeanor assault as a lesser included offense of sexual assault.

11

¶40    *Issue 4: Did the District Court err when it instructed the jury that a victim's failure to make a timely complaint raises no presumption as to the victim's credibility?*

¶41    Over Gerstner's objection, the District Court instructed the jury in the words of § 45-5-511(4), MCA, that "evidence of failure to make a timely complaint or immediate outcry does not raise any presumption as to the credibility of the victim."    Gerstner argues that by giving this instruction, the court improperly commented on the evidence. Gerstner further argues the instruction confused the jury because it could have thought "presumption" meant he was precluded from arguing that lack of an immediate outcry had any relevance in the case.

¶42    This instruction could, in some circumstances, constitute an improper comment on the evidence.  It should not be given when unwarranted by the circumstances.  However, in this instance, the instruction was relevant to the evidence and the issues presented. *Town of Columbus v. Harrington*, 2001 MT 258, ¶ 45, 307 Mont. 215, 36 P.3d 937.  Both boys testified they did not immediately tell anyone about their contact with Gerstner. Gerstner asserted the touching was innocent.  It was not a comment on the evidence to advise the jury that the delay raises no presumption as to the credibility of an alleged victim.  Section 45-5-511, MCA, explicitly applies to sexual crimes in general and could aid the jury under the circumstances presented.

¶43    Additionally, there is no indication that Gerstner was denied any argument because of this instruction.  He admitted the alleged contact occurred, but that he committed no offense because the contact was not sexual.  The instruction did not

12

preclude this argument. In this case, the District Court did not abuse its discretion when it gave this instruction.

¶44 *Issue 5: Did the District Court abuse its discretion when it denied Gerstner's motion for a mistrial based on the admission of evidence of other acts?*

¶45 When the State asked G.L., L.L.'s mother, why she ended her relationship with Gerstner, she replied, "He has an anger issue. And we had gotten into an argument, and he pushed me against the window and on the stairs." Gerstner then objected and moved for a mistrial. The State asserted it did not elicit this testimony, and suggested that any prejudice would be allayed by a curative instruction. The District Court overruled Gerstner's objection and denied his motion.

¶46 The next morning, the State proposed a curative instruction and reiterated it did not know G.L. would testify Gerstner had an anger issue and pushed her. Gerstner argued the State should have known she would respond as she did because the information was in G.L.'s statement to police. Gerstner further argued it was too late to cure any prejudice because too much time had passed, J.F. had by then testified, and the jury would struggle with whether Gerstner was violent. The court sustained Gerstner's objection to the testimony and gave the jury the State's proposed instruction as follows:

> There has been testimony, ladies and gentlemen, about the defendant being angry and pushing [G.L.]. The witness' testimony in that regard is stricken from the record, and you are instructed to ignore that testimony as it relates to this defendant. This testimony should be given no weight at all in your deliberations to determine the defendant's guilt or innocence.

¶47 On appeal, Gerstner argues the District Court abused its discretion when it denied his motion for a mistrial. Gerstner contends this testimony constitutes character evidence prohibited by M. R. Evid. 404(a) and, because the State did not give notice as required by § 46-13-109, MCA, the District Court erred when it denied his motion. Gerstner contends the instruction did not cure the prejudicial effect of the testimony because it was not given until the next morning and, at that point, the damage was done and he could no longer argue credibly to the jury that he was a non-violent person.

¶48 A motion for a mistrial may be granted if a "reasonable probability exists that inadmissible evidence may have contributed to the conviction." *State v. Long*, 2005 MT 130, ¶ 24, 327 Mont. 238, 113 P.3d 290. To determine if a prohibited statement contributed to the conviction, the court must consider,

> [t]he strength of the evidence against the defendant together with the prejudicial influence of the inadmissible evidence and whether a cautionary, jury instruction could cure any prejudice in determining whether a prohibited statement contributed to the conviction. A mistrial should be denied, however, for technical errors or defects that do not affect the substantial rights of the defendant and the record is sufficient to establish the defendant's guilt.

*Long*, ¶ 24. When a trial judge withdraws or strikes improper testimony from the record with an accompanying cautionary instruction to the jury, any error committed by its introduction is presumed cured. *Long*, ¶ 25.

¶49 The District Court believed that the prosecutor did not intend to elicit evidence of Gerstner's anger and pushing of G.L. A trial court is given wide discretion in its rulings

on the prejudicial effect of evidence because it is in the best position to observe the jurors and determine the effect of testimony. *Long*, ¶ 27.

¶50 When it denied Gerstner's motion for a mistrial, the District Court necessarily concluded he was not prejudiced by G.L.'s collateral statement that he pushed her. We cannot conclude from the record that the District Court abused its discretion in denying Gerstner's motion for a mistrial.

## CONCLUSION

¶51 The judgment of the District Court is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE

Justice W. William Leaphart, dissenting.

¶52 I dissent. I would reverse the conviction due to the District Court's failure to give an instruction on the lesser included offense of misdemeanor assault.

¶53 Pursuant to § 46-16-607(2), MCA (2005), a "lesser included offense instruction must be given when there is a proper request by one of the parties, and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included

15

offense," rather than the greater offense. *See also, State v. Martinosky*, 1999 MT 122, ¶ 18, 294 Mont. 426, 982 P.2d 440. An included offense is one that "differs from the offense charged only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Section 46-1-202(9)(c), MCA (2005). An offense is included pursuant to this subsection even if it differs from the charged offense in only one of the described fashions. *State v. Fisch*, 266 Mont. 520, 523, 881 P.2d 626, 628 (1994).

¶54 Defense counsel argued *Cameron* should be reversed, failure to do so would result in denying Gerstner the ability to present his theory of the defense to the jury, and the facts of this case could support a jury finding of guilt on misdemeanor assault.

¶55 In *Cameron*, the defendant argued misdemeanor assault, which requires proof that a person purposely or knowingly causes bodily injury or makes physical contact of an insulting or provoking nature with another, differs from the felony charge of sexual assault only in the respect that the former presents a less serious risk than the latter. *State v. Cameron*, 2005 MT 32, 326 Mont. 51, 106 P.3d 1189. Thus, Cameron contended, misdemeanor assault can actually constitute a lesser included offense of sexual assault pursuant to § 46-1-202(9)(c), MCA. However, in that case, the State charged Cameron with sexual assault pursuant only to subsection (b) of the sexual contact statute, which requires proof that the touching was done "in order to knowingly or purposely arouse or gratify the sexual response or desire of either party," and the State proposed and the district court gave instructions only on that subsection. Consequently, the jury could not

16

have convicted Cameron of sexual assault based on a finding that the touching was done in order to knowingly or purposely humiliate, harass, or degrade or to cause bodily injury to the victim. This Court, therefore, concluded "misdemeanor assault does not constitute an included offense of sexual assault *as charged here*," and concluded there was no error in failing to give an instruction on misdemeanor assault. *Cameron*, ¶ 27 (emphasis added).

¶56 *Cameron* did not address whether misdemeanor assault is a lesser included offense of sexual assault when the charging documents allow the jury to convict on <u>either</u> subsection (a) or subsection (b) of the sexual contact statute.

¶57 Gerstner concedes there was no evidence in the record to support a finding that he took any actions to cause bodily injury to the boys and no bodily injury occurred. However, the jury could have concluded the physical contact at issue in this case was minimal and did not rise to the level required for sexual assault. Gerstner had a very close relationship with the boys, was very affectionate with them, enjoyed their company, and was sad when they were not around. He was a young man himself, and immature for his age. The jury may have concluded Gerstner's subjecting fifteen-year-old males to inappropriate touching had nothing to do with a desire to humiliate, harass, or degrade the young men, but, nonetheless, was insulting or provoking in nature to these boys and to society in general. Consequently, there was sufficient evidence in the record to support the giving of instructions on the lesser included offense of misdemeanor assault. The

17

District Court's failure to do so was error and Gerstner is entitled to a new trial on these charges.

/S/ W. WILLIAM LEAPHART

Justice Patricia Cotter joins the dissent of Justice W. William Leaphart.

/S/ PATRICIA O. COTTER

Justice James C. Nelson joins the dissent of Justice W. William Leaphart.

/S/ JAMES C. NELSON

Justice James C. Nelson, dissenting.

¶58 I dissent from the Court's decision.

¶59 I agree with the Court that Gerstner's arguments as to Issue 1 were not properly preserved in the District Court and that we should not review the issue on appeal. However, Gerstner did not preserve his arguments as to Issue 2 either; thus, we likewise should not be addressing the merits of that issue. *State v. Davis*, 2000 MT 199, ¶¶ 38-39, 300 Mont. 458, 5 P.3d 547 (instructional theory not raised first in the trial court is waived); *State v. LaFreniere*, 2008 MT 99, ¶ 11, 342 Mont. 309, 180 P.3d 1161 (new arguments and legal theories—i.e., those presented for the first time on appeal—will not be considered). Moreover, I do not agree with the Court's analysis or conclusion under

Issue 2; indeed, I agree with the arguments that Gerstner advances in his briefs on appeal, which I am not going to repeat here. Since the Court is affirming this case on the merits, I cannot concur in the Court's decision.

¶60   On the merits, I would reverse and remand for trial on Issues 2, 3 and 4; I would not reach Issue 5.

¶61   I dissent.

/S/ JAMES C. NELSON

Justice Patricia O. Cotter joins the Dissent of Justice James C. Nelson.

/S/ PATRICIA O. COTTER

19