FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0235

DA 21-0235

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 207N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SHELDON PATRICK TRACY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                   In and For the County of Rosebud, Cause No. DC 2019-36
                   Honorable Nickolas C. Murnion, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Joseph P. Howard, Joseph P. Howard, Helena, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
      Attorney General, Helena, Montana

      C. Kristine White, Rosebud County Attorney, Forsyth, Montana

Submitted on Briefs:  September 21, 2022

Decided:  October 18, 2022

Filed:

_____
                              Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Sheldon Patrick Tracy appeals from the March 17, 2021 Sentencing Order by the Sixteenth Judicial District Court, Rosebud County, convicting him of felony theft and committing him to the Montana Department of Corrections for a term of five years, none suspended. We affirm.

¶3    The State charged Tracy with Count I: Theft, a felony, in violation of § 45-6-301(3)(a), MCA (2015), alleging on or about March 27, 2017, Tracy purposely or knowingly obtained control over stolen property, a "stripped down" 2004 Ford F250 pickup belonging to Jay Condo, and knowing the pickup was stolen, intended to deprive Condo of the pickup.

¶4    The matter proceeded to trial October 29-30, 2020. In opening statements, the prosecutor informed the jury the State "need[ed] to prove that [Tracy] was in possession of stolen property with knowledge that it was stolen and that he had the intent to deprive the owner of the property." The prosecutor argued Tracy knew the vehicle was stolen because (1) it had been stripped down, meaning a number of after-market items like the stereo, exhaust stacks, hood scoops, and a light bar had all been removed or disconnected, which is common for stolen vehicles, and (2) Tracy fled when Condo confronted him, leading

2

local law enforcement on a high-speed chase. Tracy's counsel told the jury "the State must prove that Mr. Tracy <u>knew</u> the truck was stolen, not that he thought the truck was stolen." Counsel argued, "We'll show that Mr. Tracy was in possession of a truck but he had no idea that it was stolen nor had any idea that he was depriving a rightful owner of their pickup."

¶5     At trial, Condo testified as follows: Condo was at home in bed when he heard someone drive away in his pickup. He reported it to the Billings Police Department and told police he suspected his roommate's daughter had taken the keys when she was at the house the day before. While out investigating a Facebook tip indicating his pickup might be in the Ashland area, Condo recognized his pickup, pulled off the road west of Lame Deer in a caravan with three other trucks and trailers. Condo made a U-turn, stopped the car he was driving, and ran toward the driver of his pickup, shouting, "That's my truck it's stolen out of Billings." Tracy jumped into the idling pickup, slammed the door, rolled up the window, and took off. Condo followed Tracy at speeds exceeding 20 miles per hour over the speed limit, but was unable to keep up. Condo's passenger called 911 to report the stolen vehicle. After an officer joined the chase and activated his patrol car's overhead lights, Tracy pulled over and was arrested. Law enforcement ran the truck's license plates and confirmed it belonged to Condo.

¶6     Tracy testified he was hired by a man named Rocky Bettin, who he had not previously met, to drive the pickup from Billings to South Dakota for $400. Tracy testified it was not unusual for sellers to remove aftermarket parts on a vehicle before selling it, and

3

he had no reason to believe the pickup was stolen because he had been told twice by the friend who had introduced him to Bettin that the vehicle was "legit." When Condo began running toward him shouting, Tracy testified he was in an "extreme rush . . . [b]ecause I was scared I just wanted to get away from the situation." When asked whether he knew he was driving a stolen truck, Tracy responded: "I mean ya have ta – ya have to contemplate what the – what the whole situation is I mean I'm still unsure at that point huh."

¶7 The parties submitted jury instructions to the court and debated which definition of "knowingly" should be submitted to the jury. The State's proposed instruction stated, "A person acts knowingly with respect to a specific fact when the person is aware of a high probability of that fact's existence." The State argued the jury should be instructed on the definition of knowingly that applies to a fact because the disputed issue was whether Tracy knew the truck was stolen. Tracy argued instructing the jury on the definition of knowingly that applies to a fact would improperly lower the State's burden because it would require the jury to find he was aware of a high probability that the truck was stolen, rather than requiring the jury to find that he "knew" it was stolen. The District Court stated:

> [N]umber one goes to whether it's conduct or result and it looks to me like the statute has both [laughs] regarding knowingly and purposely. I think it starts out as conduct and maybe results in result[] and I'm just not gonna [sic] go there. I don't believe I've seen any authority for having different mental state definitions for different elements is my problem so to simplify it I'm just going to use Defendant's proposed instruction.

¶8 The court instructed the jury as follows:

> Instruction No. 13: A person acts knowingly when the person is aware of the person's conduct.

4

Instruction No. 14: A person acts purposely when it is the person's conscious object: to engage in conduct of that nature.

Instruction No. 17: To convict the Defendant of the charge of theft, the State must prove the following elements:

1. That the Defendant purposely or knowingly obtained control over a 2004 Ford F250 pickup belonging to Jay Condo;

AND

2. That the Defendant knew the 2004 Ford F250 pickup belonging to Jay Condo had been stolen by another;

AND

3. That the Defendant had the purpose of depriving the owner of the 2004 Ford F250 pickup belonging to Jay Condo;

AND

4. That the value of the 2004 Ford F250 pickup belonging to Jay Condo exceeded $1,500.

If you find from your consideration of the evidence that all of these elements have been proved beyond a reasonable doubt, then you should find the Defendant guilty.

If, on the other hand, you find from your consideration of the evidence that any of these elements has not been proved beyond a reasonable doubt then you should find the Defendant not guilty.

¶9 In closing arguments, both parties focused on the question of whether Tracy knew the truck had been stolen. The State argued the evidence, as a whole, proved Tracy knew he was driving a stolen truck. Tracy argued he did not know the truck had been stolen and that he had driven away to protect himself.

¶10 During deliberations, the jury asked the following question:

Instruction # 17

5

Element #1 talks of obtaining control over the pickup and with the word "and" going to element #2 saying the defendant knew the pickup was stolen.

Do these two elements need to be true of the beginning when the truck was "obtained"? Or is it at any time during the incident in which he gained knowledge that the truck was stolen?

The court responded, "The jury is directed to refer to Instruction No. 4 which indicates the date of the offense. The jury is to rely upon their memory of the evidence presented along with the law set forth in the Instructions." The jury found Tracy guilty of theft.

¶11 Tracy argues on appeal the District Court's failure to instruct the jury on the results-based definitions of knowingly and purposely, in addition to the conduct-based instructions, violated his right to due process, warranting plain error review and remand for a new trial. Alternatively, Tracy contends his counsel was ineffective for failing to ask the court to submit the correct instructions. The State maintains plain error review is not warranted because Tracy failed to demonstrate additional definitions would have impacted the outcome of the case. The State argues counsel was not ineffective because this Court has not previously required trial courts to give both definitions of knowingly and purposely for each element of the offense of theft.

¶12 When a criminal defendant's fundamental rights are invoked, we may choose to review an unpreserved claim under the common law plain error doctrine where failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79.

¶13 We review jury instructions given by a district court for an abuse of discretion. *State v. Deveraux*, 2022 MT 130, ¶ 20, 409 Mont. 177, 512 P.3d 1198. We review jury instructions in criminal cases to determine whether the instructions, as a whole, fully and fairly instruct the jury on the applicable law. *State v. Secrease*, 2021 MT 212, ¶ 9, 405 Mont. 229, 493 P.3d 335. Erroneous instructions must prejudicially affect the defendant's substantial rights in order to constitute reversible error. *Deveraux*, ¶ 20 (citing *State v. Gerstner*, 2009 MT 303, ¶ 15, 353 Mont. 86, 219 P.3d 866).

¶14 Ineffective assistance of counsel (IAC) claims are mixed questions of fact and law that are reviewed de novo. *State v. Quiroz*, 2022 MT 18, ¶ 21, 407 Mont. 263, 502 P.3d 166. We review claims of IAC under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). To prevail under Strickland, a defendant must show (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced him or her. *State v. Andress*, 2013 MT 12A, ¶ 13, 368 Mont. 248, 299 P.3d 316.

¶15 Section 45-6-301(3)(a), MCA (2015), provides, "A person commits the offense of theft when the person purposely or knowingly obtains control over stolen property knowing the property to have been stolen by another and . . . has the purpose of depriving the owner of the property." Section 45-2-101(35), MCA (2015), defines "knowingly" as:

> [A] person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when the person is aware of the person's own conduct or that the circumstance exists. A person acts knowingly with respect to the result of conduct described by a statute defining an offense when the person is aware that it is highly probable that the result will be caused by the person's conduct. When knowledge of the

7

existence of a particular fact is an element of an offense, knowledge is established if a person is aware of a high probability of its existence.

A person acts "purposely" with respect to a result or to conduct described by a statute defining an offense if it is the person's conscious object to engage in that conduct or to cause that result. Section 45-2-101(65), MCA (2015). A court must instruct the jury on what the terms "purposely" and/or "knowingly" mean "in the context of the particular crime." *State v. Azure*, 2005 MT 328, ¶ 20, 329 Mont. 536, 125 P.3d 1116.

¶16 On the whole, the District Court's instructions fully and fairly instructed the jury on the elements of the offense. The instructions required the jury to find Tracy knew the truck was stolen and he intended to deprive the owner of it. There is no reason to believe the conduct-oriented definitions led the jury to ignore the elements of the offense. Indeed, the jury's question to the court, which sought to clarify at which point in time Tracy needed to have known the truck was stolen, demonstrates the jury clearly understood it had to find Tracy knew the truck was stolen to find him guilty of theft. Because a common sense reading of the instructions properly required the jury to convict Tracy only if it found he knew the truck had been stolen and had the purpose to deprive the owner of the truck, additional definitions would not have impacted the outcome of the case.

¶17 Additionally, Tracy has not demonstrated his counsel was ineffective for failing to request instructions on the results-based definitions of knowingly and purposely. We are aware of no authority requiring trial courts to give both definitions of knowingly and purposely in a theft case, and Tracy points to none. As Tracy's counsel argued at trial, instructing the jury Tracy needed only to have been aware of a high probability the truck

8

had been stolen would have in fact lowered the State's burden of proof. As we find the instructions as provided adequately instructed the jury on the elements of the offense, Tracy's counsel was not ineffective for failing to request additional instructions.

¶18　We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not abuse its discretion. Tracy has not shown his counsel was deficient or he was prejudiced by his counsel's performance. Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER